



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. MACIEL, SR., | Case No. CV 10-7089-AG (RNB) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| CALIFORNIA DEPT. OF CORRECTIONS & REHAB., | |
| Respondent. | |

Petitioner, a California state prisoner currently incarcerated at Pleasant Valley State Prison, filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein on September 22, 2010. It appears from the face of the Petition that petitioner's custodial status stems from alleged parole violations. As best the Court can glean from the Petition, petitioner is challenging the legality of his custody on the basis that the imposition of a parole term pursuant to Cal. Penal Code § 3000(a)(1) and the imposition of registration requirements pursuant to Cal. Penal Code § 290, when petitioner completed the term of imprisonment to which he had been sentenced in 1986, violated petitioner's substantive federal constitutional right to due process because he was not sentenced to a parole term or a registration requirement at the time his original sentence was imposed in 1986.

The Court's review of the Petition reveals that it suffers from the following

deficiency. Petitioner has failed to name the proper respondent. The proper respondent is petitioner's immediate custodian (i.e., the prison warden at Pleasant Valley State Prison, where petitioner now is incarcerated). See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto. The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

While the foregoing deficiency is capable of being cured by amendment, the Petition on its face suffers from another deficiency that does not appear to be capable of being cured by amendment.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless petitioner has exhausted the remedies available in the courts of the State.[1] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). As a matter of comity, a federal court will

---

[1] The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 179 (1982). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). A federal court may raise the failure to exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992), cert. denied, 506 U.S. 1081 (1993); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1982) (per curiam), cert. denied, 455 U.S. 1023 (1982); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Here, it appears from the face of the Petition and the attachments thereto that petitioner presented claims corresponding to the claims alleged in the Petition in habeas petitions to the Superior Court and to the California Court of Appeal, which were denied in turn by those courts. However, petitioner did not list any California Supreme Court filings in the Petition. Moreover, the Court's review of the California Appellate Courts website reveals that, while petitioner did file three habeas petitions in the California Supreme Court subsequent to the denial of his Court of Appeal habeas petition on August 19, 2010, each of those California Supreme Court habeas petitions remains pending. It thus appears to the Court that petitioner has not exhausted his state remedies.

IT THEREFORE IS ORDERED that, on or before October 15, 2010, petitioner show cause in writing, if any he has, why this action should not be summarily dismissed without prejudice for failure to exhaust state remedies.

DATED: September 27, 2010

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

3